UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALILAH SULUKI,<br><br>    Plaintiff,<br><br>  v.<br><br>CREDIT ONE BANK NA, CAPITAL ONE BANK NA, and COMENITY CAPITAL BANK,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br> 1.  FCRA, 15 U.S.C. §§ 1681 *et seq.* |

Plaintiff Khalilah Suluki ("Plaintiff"), by and through her undersigned attorneys, alleges the following against the Defendants CREDIT ONE BANK NA ("Credit One"), CAPITAL ONE BANK NA ("Capital One") and COMENITY CAPITAL BANK ("Comenity") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681a–x and for the common-law tort of defamation.

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The Act likewise demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the

substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION

4. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

5. The Plaintiff is a natural person and resident of the State of New York. She is a "consumer" as defined by 15 U.S.C. § 1681 a(c).

6. Defendants transact business in the State of New York. Defendants are registered to conduct business and have appointed registered agents in the State of New York. Therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Kings County, New York.

8. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

9. Defendant Credit One Bank, NA is a "person," as defined under 15 U.S.C § 1681a(b) and can be served at its principal executive office: 6801 S. Cimarron Road, Las Vegas, Nevada 89113.

10. Defendant Capital One Bank, NA is a "person," as defined under 15 U.S.C § 1681a(b) and can be served at its registered agent: CORPORATION SERVICE COMPANY, 80 State Street, Albany, New York 12207.

11. Defendant Comenity Capital Bank is a "person," as defined under 15 U.S.C § 1681a(b) and can be served at its registered agent: CT CORPORATION SYSTEM, INC., 28 Liberty Street, New York, New York 10005.

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives,

and insurers.

## GENERAL FACTUAL ALLEGATIONS

13. Sometime in or around summer of 2019, Plaintiff began her search for an apartment after graduating college.

14. Plaintiff was denied the use and occupancy of an apartment. After the apartment denial, Plaintiff pulled her Experian, Equifax and Trans Union consumer reports.

15. Plaintiff was further dismayed to discover that while she was attending college, she was the victim of identity theft, as Plaintiff's own mother opened various accounts in Plaintiff's name and maxed out some of Plaintiff's pre-existing accounts.

16. These accounts belonged to Credit One Bank, Capital One Bank and Comenity Bank. ("Accounts").

17. Upon discovering the fraudulent debts, Plaintiff immediately disputed the debts with either the actual account holders or the credit reporting bureaus.

18. Upon information and belief, while Plaintiff attended college, her mother would seize the mail containing the Accounts' billing statements and make a few payments to maintain the appearance that the Accounts were valid when in actuality they were not.

## FACTUAL ALLEGATIONS (CREDIT ONE BANK)

19. A check of her consumer files maintained by Trans Union, Experian and Equifax also revealed that Credit One Bank was furnishing information about an account to Experian, Trans Union and Equifax as belonging to the Plaintiff

20. The information furnished by Credit One Bank to Experian, Transunion and Equifax was at all times inaccurate. Plaintiff's identity was stolen to open this account.

21. On or about November 10, 2019, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Credit One Bank on her credit file.

22. On or about a date better known to Experian and Credit One Bank, Experian furnished Plaintiff's disputes to Credit One Bank.

23. Credit One Bank failed to reasonably reinvestigate Plaintiff's disputes that Credit One Bank received from Experian in violation of the FCRA.

24. On or about November 10, 2019, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Credit One Bank on her credit file.

25. On or about a date better known to Trans Union and Credit One Bank, Trans Union furnished Plaintiff's disputes to Credit One Bank.

26. Credit One Bank failed to reasonably reinvestigate Plaintiff's disputes that Credit One Bank received from Trans Union in violation of the FCRA.

27. On or about November 10, 2019, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Credit One Bank on her credit file.

28. On or about a date better known to Equifax and Credit One Bank, Equifax furnished Plaintiff's disputes to Credit One Bank.

29. Credit One Bank failed to reasonably reinvestigate Plaintiff's disputes that Credit One Bank received from Equifax in violation of the FCRA.

30. On or about April 28, 2020, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Credit One Bank on her credit file.

31. On or about a date better known to Experian and Credit One Bank, Experian furnished Plaintiff's disputes to Credit One Bank.

32. Credit One Bank failed to reasonably reinvestigate Plaintiff's disputes that Credit One Bank received from Experian in violation of the FCRA.

33. On or about April 28, 2020, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Credit One Bank on her credit file.

34. On or about a date better known to Trans Union and Credit One Bank, Trans Union furnished Plaintiff's disputes to Credit One Bank.

35. Credit One Bank failed to reasonably reinvestigate Plaintiff's disputes that Credit One Bank received from Trans Union in violation of the FCRA.

36. On or about April 28, 2020, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Credit One Bank on her credit file.

37. On or about a date better known to Equifax and Credit One Bank, Equifax furnished Plaintiff's disputes to Credit One Bank.

38. Credit One Bank failed to reasonably reinvestigate Plaintiff's disputes that Credit One Bank received from Equifax in violation of the FCRA.

39. At the date of this filing, Credit One Bank has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

## **FACTUAL ALLEGATIONS (CAPITAL ONE BANK)**

40. A check of her consumer files maintained by Trans Union, Experian and Equifax also revealed that Capital One Bank was furnishing information about an account to Experian, Trans Union and Equifax as belonging to the Plaintiff

41. The information furnished by Capital One Bank to Experian, Transunion and Equifax was at all times inaccurate. Plaintiff's identity was stolen to open this account.

42. On or about November 10, 2019, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Capital One Bank on her credit file.

43. On or about a date better known to Experian and Capital One Bank, Experian furnished Plaintiff's disputes to Capital One Bank.

44. Capital One Bank failed to reasonably reinvestigate Plaintiff's disputes that Capital One Bank received from Experian in violation of the FCRA.

45. On or about November 10, 2019, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Capital One Bank on her credit file.

46. On or about a date better known to Equifax and Capital One Bank, Equifax furnished Plaintiff's disputes to Capital One Bank.

47. Capital One Bank failed to reasonably reinvestigate Plaintiff's disputes that Capital One Bank received from Equifax in violation of the FCRA.

48. On or about November 10, 2019, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Capital One Bank on her credit file.

49. On or about a date better known to Trans Union and Capital One Bank, Trans Union furnished Plaintiff's disputes to Capital One Bank.

50. Capital One Bank failed to reasonably reinvestigate Plaintiff's disputes that Capital One Bank received from Trans Union in violation of the FCRA.

51. On or about April 28, 2020, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Capital One Bank on her credit file.

52. On or about a date better known to Experian and Capital One Bank, Experian furnished Plaintiff's disputes to Capital One Bank.

53. Capital One Bank failed to reasonably reinvestigate Plaintiff's disputes that Capital One Bank received from Experian in violation of the FCRA.

54. On or about April 28, 2020, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Capital One Bank on her credit file.

55. On or about a date better known to Trans Union and Capital One Bank, Trans Union furnished Plaintiff's disputes to Capital One Bank.

56. Capital One Bank failed to reasonably reinvestigate Plaintiff's disputes that Capital One Bank received from Trans Union in violation of the FCRA.

57. On or about April 28, 2020, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Capital One Bank on her credit file.

58. On or about a date better known to Equifax and Capital One Bank, Equifax furnished Plaintiff's disputes to Capital One Bank.

59. Capital One Bank failed to reasonably reinvestigate Plaintiff's disputes that Capital One Bank received from Equifax in violation of the FCRA.

60. At the date of this filing, Capital One Bank has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information it.

## FACTUAL ALLEGATIONS (COMENITY BANK)

61. A check of her consumer files maintained by Trans Union, Experian and Equifax also revealed that Comenity Bank was furnishing inaccurate information about an account to Experian, Trans Union and Equifax as belonging to the Plaintiff.

62. The information furnished by Comenity Bank to Experian, Transunion and Equifax was at all times inaccurate. While Plaintiff, opened the account, she never received the card. Her mother received gain access to the actual Comenity Bank card and made unauthorized purchases.

63. On or about November 10, 2019, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Comenity Bank on her credit file.

64. On or about a date better known to Experian and Comenity Bank, Experian furnished Plaintiff's disputes to Comenity Bank.

65. Comenity Bank failed to reasonably reinvestigate Plaintiff's disputes that Comenity received from Experian in violation of the FCRA.

66. On or about November 10, 2019, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Comenity Bank on her credit file.

67. On or about a date better known to Equifax and Comenity Bank, Equifax furnished Plaintiff's disputes to Comenity Bank.

68. Comenity Bank failed to reasonably reinvestigate Plaintiff's disputes that Comenity Bank received from Equifax in violation of the FCRA.

69. On or about November 10, 2019, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Comenity Bank on her credit file.

70. On or about a date better known to Trans Union and Comenity Bank, Trans Union furnished Plaintiff's disputes to Comenity Bank.

71. Comenity Bank failed to reasonably reinvestigate Plaintiff's disputes that Comenity Bank received from Trans Union in violation of the FCRA.

72. On or about April 28, 2020, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Comenity Bank on her credit file.

73. On or about a date better known to Experian and Comenity Bank, Experian furnished Plaintiff's disputes to Comenity Bank.

74. Comenity Bank failed to reasonably reinvestigate Plaintiff's disputes that Comenity Bank received from Experian in violation of the FCRA.

75. On or about April 28, 2020, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Comenity Bank on her credit file.

76. On or about a date better known to Trans Union and Comenity, Trans Union furnished Plaintiff's disputes to Comenity Bank.

77. Comenity Bank failed to reasonably reinvestigate Plaintiff's disputes that Comenity Bank received from Trans Union in violation of the FCRA.

78. On or about April 28, 2020, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Comenity Bank on her credit file.

79. On or about a date better known to Equifax and Comenity Bank, Equifax furnished Plaintiff's disputes to Comenity Bank.

80. Comenity Bank failed to reasonably reinvestigate Plaintiff's disputes that Comenity Bank received from Equifax in violation of the FCRA.

81. At the date of this filing, Comenity Bank has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

## COUNT I

**Violations of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E) against Defendant Credit One Bank**

82. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

83. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer

reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

84. It is evident that Defendant Credit One Bank failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Credit One Bank by Experian, Trans Union and Equifax, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

85. Additionally, Defendant Credit One Bank violated FCRA § 1681s-2(b)(1)(E).

86. The § 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

87. Defendant Credit One Bank failed to accurately correct and update or delete Plaintiff's information for a period of time subsequent to receiving Plaintiff's dispute from Experian, Trans Union and Equifax prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

88. As a result of the above-described violations to §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, emotional distress, and mental and physical pain.

89. Defendant Credit One Bank's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

90. Defendant Credit One Bank's violative conduct was intentional, willful and negligent.

91. The violations by Credit One Bank were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Credit One Bank was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

92. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Credit One Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

93.

## COUNT II

### Violations of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E) against Defendant Capital One Bank

94. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

95. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

96. It is evident that Defendant Capital One Bank failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Capital One Bank by Experian, Trans Union and Equifax, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

97. Additionally, Defendant Capital One Bank violated FCRA § 1681s-2(b)(1)(E).

98. The § 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

99. Defendant Capital One Bank failed to accurately correct and update or delete Plaintiff's information for a period of time subsequent to receiving Plaintiff's dispute from Experian, Trans Union and Equifax prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

100. As a result of the above-described violations to §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, emotional distress, and mental and physical pain.

101. Defendant Capital One Bank's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

102. Defendant Capital One Bank's violative conduct was intentional, willful and negligent.

103. The violations by Capital One Bank were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Capital One Bank was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

104. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Capital One Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III

### Violations of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E) against Defendant Comenity Bank

105. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

106. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

107. It is evident that Defendant Comenity Bank failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Comenity Bank by Experian, Trans Union and Equifax, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

108. Additionally, Defendant Comenity Bank violated FCRA § 1681s-2(b)(1)(E).

109. The § 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

110. Defendant Comenity Bank failed to accurately correct and update or delete Plaintiff's information for a period of time subsequent to receiving Plaintiff's dispute from Experian, Trans Union and Equifax prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

111. As a result of the above-described violations to §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, emotional distress, and mental and physical pain.

112. Defendant Comenity Bank's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

113. Defendant Comenity Bank's violative conduct was intentional, willful and negligent.

114. The violations by Comenity Bank were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Comenity Bank was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

115. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Comenity Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Khalilah Suluki respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. §1681n(a);

C. Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A);

D. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any relief that this Court deems appropriate.

Respectfully submitted this 8th day of February 2021.

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

*[signature]*

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:   (212)  766-3322
abel@apierrelaw.com
*Counsel for Plaintiff*